**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5212**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

EUGENE EDMONDS, JR., a/k/a Boo,

                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:04-cr-00339-RLW-1)

Submitted:  November 18, 2010      Decided:  November 24, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Elizabeth S.
Wilson, Assistant Federal Public Defender, Patrick L. Bryant,
Research and Writing Attorney, Richmond, Virginia, for
Appellant. Neil H. MacBride, United States Attorney, Olivia N.
Hawkins, Assistant United States Attorney, Richmond, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene Edmonds, Jr., appeals from the twenty-four month sentence imposed pursuant to the revocation of his supervised release. On appeal, Edmonds asserts that his sentence is procedurally plainly unreasonable because the district court failed to adequately explain its reasoning for the sentence imposed. We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making our review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the

2

Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 438-40. A sentence imposed upon revocation of release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. We will affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id.

When imposing sentence, the district court must provide individualized reasoning. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to revocation hearings; however, "a court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Because Edmonds did not request a sentence different from the one imposed, review is for plain error. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010).

We conclude that Edmonds failed to make the requisite showings. The district court acknowledged that Edmonds had potential but lacked discipline, and that he had been given

3

other opportunities to improve his life. The court explicitly noted the Guidelines range (eight to fourteen months) and the statutory maximum when arriving at a sentence. In addition, the court recommended that Edmonds receive vocational training, educational opportunities, and drug rehabilitation.

Because Edmonds' sentence is reviewed for plain error, he must also show that there is a reasonable probability that the claimed irregularity in sentencing affected his substantial rights and that any error affected the fairness and integrity of the judicial system. Edmonds' assertion of error illustrates essentially a disagreement with the district court's conclusions that his behavior constituted continuing serious breaches of his release conditions. Edmonds cannot show that his substantial rights were affected or that the sentencing error was so egregious that it called into question the fairness of the sentencing system.

Accordingly, we affirm Edmonds' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED